**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—**

| | |
|---|---|
| MARCO ANTONIO GONZALEZ TREVINO, SR., Individually, as representative of the Estate of Marco Antonio Gonzalez Trevino, Jr., ET AL., Plaintiffs, § § § § § | |
| VS. § | CIVIL NO. B-04-165 |
| § MICHELIN NORTH AMERICA, INC. and MICHELIN AMERICAS RESEARCH & DEVELOPMENT CORPORATION, Defendants. § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Amended Motion to Dismiss Under the Doctrine of Forum Non Conveniens [Docket No. 31], Plaintiffs' Motion for Reconsideration of Motion to Remand [Docket No. 35], Defendants' Motion to Apply the Laws of Mexico [Docket No. 38], an Agreed Motion to Extend Time for Plaintiffs to Respond to Defendants' Motion to Apply the Laws of Mexico [Docket No. 55], and an Agreed Motion to Extend Scheduling Order Deadlines [Docket No. 56]. For the reasons stated below, Defendants' Amended Motion to Dismiss Under the Doctrine of Forum Non Conveniens [Docket No. 31] is hereby **GRANTED**. All other pending motions are hereby **DENIED as moot**.

**I.  FACTUAL BACKGROUND**

This is a product liability action brought by numerous Mexican nationals for injuries and deaths arising out of a one-vehicle automobile accident that took place near Reynosa, Mexico, on September 14, 2002. According to the Original Petition filed in state court, the vehicle, a 1996 Chevrolet Suburban, was equipped with tires designed by Michelin, one of which suddenly failed causing the vehicle to collide into a traffic sign on the road's shoulder. Five people were killed

and several of the plaintiffs were injured.[1] The plaintiffs in this lawsuit include persons in the vehicle who were injured and persons who have individual wrongful death claims that arise out of the deaths of family members.[2]

## II. DISCUSSION

The forum non conveniens inquiry consists of four considerations. First, this Court must assess whether an alternative forum is available. *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 380 (5th Cir. 2002). An alternative forum is available if "the entire case and all parties can come within the jurisdiction of that forum." *Id.* (quoting *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987) (en banc)). Second, this Court must decide if the alternative forum is adequate. *Id.* An alternative forum is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id.* (quoting *In re Air Crash*, 821 F.2d at 1165 (internal citation omitted)). If an alternative forum is both available and adequate, the Court will then balance a host of private interest factors in order to determine whether dismissal is warranted. *Morales v. Ford Motor Co.*, 313 F. Supp. 2d 672, 673–74. If the private factors do not weigh towards dismissal, the Court will look to certain public interest factors. *Id.* at 674.

### A. RESIDENCY

---

[1] Amparo Noemi Trevino Gloria, Marco Antonio Gonzalez Trevino, Sr., Marco Antonio Gonzalez Trevino, Jr., Alberto Gonzalez Trevino, Jessica Alejandra Gonzalez Trevino, Maria del Carmen Gloria Acuna, Marco Antonio Trevino Gloria, Cesar del Angel Calles, Irene Josephina Trevino Gloria, Cesar Arturo del Angel Trevino, and Rocio Berenisse del Angel Trevino were passengers in the Suburban at the time of the accident. Marco Antonio Gonzalez Trevino, Jr., Maria del Carmen Gloria Acuna, Cesar del Angel Calles, Irene Josephina Trevino Gloria, and Cesar Arturo del Angel Trevino died as a result of the accident.

[2] The plaintiffs who were not directly involved in the accident are Jesus Israel Trevino Gloria, Miguel Angel Trevino Gloria, Jose Humberto Trevino Gloria, Maria del Carmen Loera Gloria, and Antolin del Angel Barragan.

As a threshold matter, Plaintiffs claim that because some of them were residents of the United States at the time the accident occurred, and because some of them are residents not only after the fact, but after this lawsuit was filed in the Southern District of Texas, their choice of forum should be given strong deference.

There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). The presumption applies with less force when the plaintiff or real parties in interest are foreign. *Id.* However, a citizen's forum choice should not be given dispositive weight. *Id*. at 256. Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his or her home forum. *Id*.

A district court retains its discretion to decline to hear an action by an American citizen when the alternative forum is a foreign court. *Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 805 (5th Cir. 1985). A United States court in a forum non conveniens case is not required to make its determination on the fact that the plaintiff is a United States citizen or resident alone. *Id*. at 805–06. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper. *Piper Aircraft Co.*, 454 U.S. at 256. Furthermore, Plaintiffs should not expect to resist a forum non conveniens dismissal "simply by establishing residence in the United States immediately prior to initiating suit."[3] *Pain v. United Technologies Corp.*, 637 F.2d 775,

---

[3] Indeed, this suit was originally filed in Dale County, Alabama. The Gonzalez family did not live in the United States at the time of the accident nor at the time the suit was originally filed in Alabama. Prior to the Alabama court ruling on a similar motion to dismiss under the doctrine of forum non conveniens in that case, Plaintiffs filed a motion to dismiss. Soon thereafter, the instant proceeding was filed in this

798 (D.C. Cir. 1980).

Plaintiffs contend that at least seven of them are currently either residents or citizens of the United States. Five of those seven plaintiffs comprise one family who moved to Brownsville, Texas, after commencing this lawsuit. That family includes Marco Antonio Gonzalez Trevino, Sr., and Amparo Noemi Trevino Gloria who are husband and wife. They have temporary visas that allow them to enter the United States for thirty (30) days at a time.[4] Their children are Alberto Gonzalez Trevino and Jessica Alejandra Gonzalez Trevino, and their legal ward is Rocio Berenisse del Angel Trevino.[5] Alberto and Rocio reside in Brownsville under student visas that expire in 2008. Jessica, on the other hand, is a United States citizen. It should be noted, however, that she never lived in the United States until her family moved to Texas in September 2004.[6] *See* Docket No. 31, Ex. A. None of these plaintiffs were residents of the United States at the time the accident occurred.

The other two plaintiffs claiming residency in the United States are Jesus Israel Trevino Gloria and Maria del Carmen Loera Gloria. In fact, Plaintiffs claim that both of these individuals were residents of the United States at the time of the accident. *See* Docket No. 40. The parties, however, have not provided sufficient proof establishing the residency of either individual. In fact, the record before the Court contains conflicting evidence regarding their residency.

---

Court. One week after the above-styled cause of action was filed, the Gonzalez Trevino family relocated to Brownsville, Texas.

[4] The visas only allow them to travel within thirty-two miles of the border. *See* Docket No. 31, Ex. A.

[5] Rocio's parents, brother, and grandmother died in the accident. Amparo is her aunt on her mother's side.

[6] Jessica is the only plaintiff who is a citizen of the United States.

With regard to Jesus, the Original Petition filed in Texas state court states that he is a resident of Matamoros, Mexico. Furthermore, although Plaintiffs had an opportunity to clarify Jesus' residency when they filed their First Amended Complaint [Docket No. 41], it fails to state Jesus' residency altogether. While Plaintiffs' counsel could have easily filed an affidavit establishing his residency (or the residency of the other plaintiffs), the only evidence indicating that Jesus is a U.S. resident is the deposition testimony of his brother-in-law, Marco Antonio Gonzalez Trevino, Sr., taken on March 23, 2005.[7] [Docket No. 31, Ex. A] Mr. Gonzalez Trevino testified that Jesus has been a resident of the United States for over fifteen years, primarily residing in Brownsville, Texas.

With regard to the other plaintiff in question, Maria del Carmen Loera Gloria, Plaintiffs' Original Petition also states that she resides in Matamoros, Mexico. Furthermore, the interrogatory answers filed under oath in the original Alabama lawsuit state that Maria is a Mexican citizen who lived in Matamoros, Mexico, during the ten years prior to October 27, 2003 (the date the interrogatories were filed).[8] *See* Docket No. 1, Ex. A. Plaintiffs' First Amended Complaint, however, which was filed after Mr. Gonzalez Trevino's deposition was taken, states that she resides in Florida.[9]

---

[7] This Court points out that Plaintiffs failed to identify Jesus' residency in their complaint despite the fact that the First Amended Complaint was filed on April 20, 2005, well after the deposition of Mr. Gonzalez Trevino was taken.

[8] As stated above, this suit was originally filed in Dale County, Alabama. It should be noted that the interrogatories in the Alabama lawsuit were verified by Marco Antonio Gonzalez Trevino, Sr., and Amparo Noemi Trevino Gloria, not by Maria del Carmen Loera Gloria. Further, Jesus is not mentioned in the Alabama interrogatories because he was not a plaintiff in that lawsuit.

[9] Mr. Gonzalez Trevino's deposition states that Maria has lived in Ft. Myers, Florida, for over five years, which would place her residency in Florida prior to the accident.

Although Defendants at least implicitly argue that the residency of Jesus and Maria is irrelevant due to the fact that they are only nominal parties who were not directly involved in the accident; however, they have individual wrongful death claims arising out of the death of their mother. Therefore, this Court considers their status to be much more than nominal and their residency cannot be disregarded. At the same time, the record before the Court is contradictory and, therefore, unreliable. The only proof before the Court that Maria resided in Florida at the time of the accident is the deposition testimony of Mr. Gonzalez Trevino. This Court has already ruled that a party cannot contradict prior sworn testimony, especially prior sworn testimony rendered by the same individual. *See* Docket No. 28. Therefore, the Court cannot without question assume that Maria resided in the United States at the time of the accident or is currently a resident of the United States in conducting a forum non conveniens analysis. Further, although Mr. Gonzalez Trevino testified that Jesus has been a resident of Brownsville for over fifteen years, other pleadings on file with this Court state that he is a resident of Matamoros, Mexico. Therefore, the Court cannot likewise accept without question Plaintiffs' claims relating to Jesus' residency.

Plaintiffs are correct in stating that this case is significantly different from the oft-cited Fifth Circuit cases where a forum non conveniens analysis led to dismissal. In both *Gonzalez* and *Vasquez v. Bridgestone/Firestone, Inc.*, all of the plaintiffs were citizens and residents of Mexico—none resided in Texas. *Gonzalez*, 301 F.3d 377; *Vasquez*, 325 F.3d 665 (5th Cir. 2003). However, the fact that some of the Plaintiffs now reside in Texas—i.e., the Gonzalez Trevino family—is simply another factor to be taken into account in the forum non conveniens analysis. The plaintiffs' choice of filing suit within their home forum is given a certain degree of

deference, but if other private factors and public factors weigh toward dismissing this case to Mexico, this Court is well within its discretion to do so.  Since Plaintiffs have ties and are geographically close to both forums, and Michelin admits that it can go to trial in either forum, the Court will focus on the case-specific evidence and witnesses in its analysis.

### B. AVAILABILITY AND ADEQUACY

Supreme Court and Fifth Circuit case law makes it clear that a foreign forum is available to plaintiffs haling from the forum's country if the defendant submits itself to that foreign jurisdiction. *See Piper Aircraft Co.*, 454 U.S. at 254.  A defendant's submission to the jurisdiction of an alternate forum renders that forum available for the purposes of forum non conveniens. *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983).  In this case, Michelin makes itself available to the courts of Mexico.

Although Plaintiffs argue that Mexico is an inadequate alternative forum, numerous Fifth Circuit cases have held that "Mexico is an adequate forum for tort litigation involving American-made products, despite differences in Mexican and American substantive and procedural law." *Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp. 2d 646, 659 (S.D. Tex. 2003); *see also Gonzalez*, 301 F.3d at 377 (affirming the dismissal of suit against American auto manufacturer on the basis of forum non conveniens in case arising from auto accident in Mexico); *Vasquez*, 325 F.3d at 671–72 (stating "[t]he fact that Mexico provides a wrongful death cause of action, albeit with severe damage caps, makes the country an adequate forum"); *cf. In re Bridgestone/ Firestone, Inc.*, 420 F.3d 702, 707 (7th Cir. 2005).

### C. PRIVATE FACTORS

Having determined that Mexico is both an available and adequate forum in this case, the Court will now examine the private interest factors, which include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) the possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Vasquez*, 325 F.3d at 672. If the private factors counsel dismissal, a court need not proceed to the public factor analysis. *Morales*, 313 F. Supp. 2d at 674.

### 1. **Sources of Proof**

Michelin has presented conclusive, uncontroverted evidence that the accident occurred in Mexico, the accident was investigated by Mexican authorities, all of the injuries were treated in Mexico by Mexican residents and citizens, and the vehicle and allegedly defective tire were purchased in Mexico by a Mexican citizen and resident. Furthermore, the tire was not designed or manufactured in Texas, but in Alabama (a forum which the plaintiffs chose to abandon).

Although most of the sources of proof are available in Mexico, the parties point out that translation expenses will be incurred by either party depending on which side of the border this case is tried. Plaintiffs point out that scores of Michelin documents will need to be translated from English to Spanish thereby supporting a forum in the United States. They cite to a multi-district litigation case out of Indiana as support for their contention that the issue of document translation "cuts in favor of retaining the case in Texas." *See In re Bridgeston/Firestone Inc.*, 305 F. Supp. 2d 927, 936 (S.D. Ind. 2004). Defendants, on the other hand, point out that all other sources of proof are located in Mexico and will have to be translated from Spanish to English if

the case goes to trial in the Southern District of Texas. Indeed, the Fifth Circuit has already ruled in a similar case in favor of the defendants' position on this issue. *Vasquez*, 325 F.3d at 673–74 (stating that even though information regarding design of a tire needs to be translated, dismissal based on forum non conveniens was correct because other pertinent documents were in Mexico). In this case, there are other Spanish-language documents, such as medical records and investigative reports, that Mexican courts could more easily secure. Although the vehicle and tires were designed in part in the United States, identifying the situs of the wrongful conduct at an American designer's drawing board ignores the sale and alleged failure of the product, which, in this case, both occurred in Mexico. *Gonzalez*, 325 F.3d at 674. Therefore, this factor weighs in favor of dismissal.

### 2. Witnesses

Plaintiffs allege that at least four witnesses have stated that they will voluntarily provide testimony in Mexico or Texas. There are many witnesses, however, in this case and Plaintiffs have only been able to obtain such assurances from a few of them. Furthermore, these kinds of declarations do not actually commit the persons in question to appear at trial. *Morales*, 313 F. Supp. 2d at 681. Even were they to do so, the declarations are not binding in the Southern District of Texas. *Id*. These persons are beyond the reach of this Court, and this Court is powerless to compel these individuals to live up to their declarations. *Id*. Plaintiffs also argue that it will be inconvenient to bring witnesses from South Carolina, Alabama, and Florida all of the way to Matamoros.[10] However, taking these witnesses to Matamoros is not much different

---

[10] Both parties' pleadings assume that Matamoros will be the likely Mexican forum. While this Court does not make a finding that Matamoros is the proper forum, it will assume such for the purposes of its analysis. There are three bridges that connect Matamoros to Brownsville. Matamoros is in some areas merely a matter of feet away from Brownsville. Absent an immigration-related problem, this Court finds no

than bringing them to Brownsville.

### 3. Possibility of View of Premises

Like the accident underlying *Morales*, the accident at issue in the instant matter is of the sort that potentially renders a view of the accident scene appropriate. *Morales*, 313 F. Supp. 2d 672, 679–680. However, in *Morales*, this Court stated that it is more common for juries to personally view accident scenes located abroad because of their unfamiliarity with road conditions. *Id*. This reasoning may not be as strong in this case since the accident scene is geographically close, and jurors may already be familiar with the road conditions. Thus, this factor does not weigh in favor of either side.

### 4. Practical Problems

According to the pleadings filed by both parties, this case would likely be tried in Matamoros, Mexico, which is geographically close to Brownsville. Since the forums are in close proximity to one another, the costs for the plaintiffs are not likely to be significantly different. *See Prevision Integral de Servicios Funerarios, S.A. de C.V. v. Kraft*, 94 F. Supp. 2d 771, 779 (W.D. Tex. 2000) (stating that there would be no significant difference in cost for plaintiffs between the fora of El Paso, Texas, and Ciudad Juarez, Mexico). Therefore, this factor also does not weigh in favor of either side.

### D. PUBLIC FACTORS

Due to the fact that the private interest factors do not weigh decisively in favor of either the plaintiffs or defendants, the Court will consider certain public interest factors. The public

---

merit to the argument that Brownsville is physically more convenient than Matamoros.

interest factors that this Court can look at are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Vasquez*, 325 F.3d at 673.

Docket congestion weighs toward keeping this case here since this Court's civil docket is quite manageable and poses no obstacle to the instant suit. *Morales*, 313 F. Supp. 2d at 685. As for the local interest in having localized controversies decided at home, Plaintiffs claim that Texas' interest in this litigation has been expressed by the Texas Legislature. Texas law expressly prohibits the dismissal of an action in which any plaintiff is a resident of Texas. TEX. CIV. PRAC. & REM. CODE § 71.051(E). Plaintiffs allege that although this Court may not be directly bound by the Texas forum non conveniens statute, it should enter upon the analysis. *See In re Air Crash*, 821 F.2d at 1159. In the instant matter, the accident occurred in Mexico and most, if not all, of the plaintiffs were residents of that country at the time. This factor weighs toward dismissal since this is a Mexican controversy involving Mexican citizens (with the exception of Jessica) and Mexico has an interest in protecting its own citizens from defective products acquired in Mexico and causing injury there. *Vasquez*, 325 F.3d at 673. *Vasquez* also suggests that Mexican law would apply if this suit remained in this court. *Id.* at 674. Accordingly, the third public interest factor points abroad since Mexican courts are more at home with Mexican law. The complexity of choice of law inquiries in general and an unfamiliarity with Mexican law that necessarily adds to such complexity weighs in favor of trial abroad as well under the fourth public interest factor.

*Morales*, 313 F. Supp. 2d at 685. Finally, the fifth public interest factor—the unfairness of burdening citizens in an unrelated forum with jury duty—weighs in favor of dismissal in this case since the only contact to Texas happened well after this accident had occurred.

### III. CONCLUSION

The fact that some of the plaintiffs in this suit now reside in Texas, or perhaps other places in the United States, is another factor to consider in the forum non conveniens analysis. It does not preclude this Court's ability to dismiss this suit based on forum non conveniens grounds. Since the other balance of other private and public interest factors point in favor of dismissal, the plaintiffs' choice of filing this suit in their home forum has been outweighed. Therefore, Defendants' Amended Motion to Dismiss Under the Doctrine of Forum Non Conveniens [Docket No. 31] is hereby **GRANTED**. Accordingly, it is **ORDERED** that this case is **DISMISSED** under the following conditions:

1. Plaintiffs may refile their cause of action in a court of competent jurisdiction in Mexico within ninety (90) days of the date of this Order;

2. Defendants shall submit to the jurisdiction of the appropriate Mexican court in which Plaintiffs file suit;

3. Defendants shall waive any statute of limitations or jurisdictional defenses that could be posed in the Mexican court;

4. Defendants shall make available in Mexico all relevant documents and witnesses within its control;

5. Defendant's shall bear any translation-related expenses concerning the testimony of English-speaking witnesses at trial;

5. Defendant's agree to satisfy any Mexican judgment, subject only to whatever appellate rights it may enjoy in that forum; and

6. Defendant shall agree to the reassertion of jurisdiction by this court in the event that it fails to satisfy any final judgment or in the event that a Mexican court does not assert jurisdiction over this dispute.[11]

Should Defendant fail to meet any of these conditions, this Court will resume jurisdiction over the case. In keeping with the conditional nature of this order of dismissal, dismissal of the case from this Court's docket shall become effective once the Defendant has tendered a written statement assenting to be bound by the foregoing conditions. Should the Defendant fail to do so within ten (10) business days of the entry of this order, its *forum non conveniens* motion will be considered waived, and this case will proceed to trial in this court. All other pending motions in the above-styled cause of action [Docket Nos. 6, 35, 38, 55, 56] are hereby **DENIED as moot**.

Signed this 30th day of September, 2005.

_____
Andrew S. Hanen
United States District Judge

---

[11] The Seventh Circuit in *In re Bridgestone/Firestone, Inc.*, after determining that the district court had properly dismissed the underlying lawsuit under the doctrine of forum non conveniens, nonetheless remanded the case back to the district court after a Mexican court refused to assume jurisdiction over the cause of action. 325 F.3d at 606. This Court notes that the Mexican court's refusal to assume jurisdiction in that case is not necessarily dispositive as to whether Mexican courts are available in general, especially since the record before the Seventh Circuit was ambiguous as to whether the plaintiffs had acted in good faith when they re-filed the suit in Mexico. *Id.* at 606–07. If in the future a Mexican court were to refuse jurisdiction of this matter, this Court will consider reassuming jurisdiction pursuant to the conditions laid out in this order.