**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—**

| | |
|---|---|
| MARCO ANTONIO GONZALEZ TREVINO, SR., Individually, as representative of the Estate of Marco Antonio Gonzalez Trevino, Jr., ET AL., Plaintiffs, § § § § § | |
| VS. § | CIVIL NO. B-04-165 |
| § MICHELIN NORTH AMERICA, INC. and MICHELIN AMERICAS RESEARCH & DEVELOPMENT CORPORATION, Defendants. § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Expedited Rule 60(b) Motion to Vacate the Forum Non Conveniens Dismissal for Want of Subject Matter Jurisdiction [Docket No. 62], Plaintiffs' Motion for Leave to File a Response to Defendants' Surreply [Docket No. 68], and Defendants' Motion for Leave to File a Surreply [Docket No. 69].  Both the Plaintiffs' and Defendants' Motions for Leave [Docket Nos. 68 & 69] are **GRANTED**.  For the reasons stated below, Plaintiffs' Rule 60(b) motion [Docket No. 62] is **DENIED**.

**I.   BACKGROUND**

This is a products liability action brought by numerous individuals for injuries and deaths arising out of a one-vehicle automobile accident that occurred near Reynosa, Mexico, on September 14, 2002.  According to the Original Petition filed in state court, the vehicle, a 1996 Chevrolet Suburban, was equipped with tires designed by Michelin, one of which suddenly failed.  The vehicle then collided into a traffic sign on the road's shoulder killing five people and injuring several

others.[1]  The plaintiffs in this lawsuit include persons in the vehicle who were injured and persons who have individual wrongful death claims that arise out of the deaths of family members.[2]

Plaintiffs originally filed this lawsuit in the Circuit Court of Dale County, Alabama, on August 14, 2003, alleging causes of action for products liability and negligence.  Four defendants were named in that lawsuit: (1) Michelin North America, Inc. ("Michelin"); (2) Michelin Americas Research & Development Corp. ("Michelin R&D"); (3) La Manufacture Francaise des Penumatiques Micheline ("MFPM"); and (4) Companie Genrale des Establissements Michelin ("CGEM").[3]  On July 26, 2004, Plaintiffs filed a motion to dismiss without prejudice the American Michelin entities and a motion to dismiss with prejudice the French Michelin entities.[4]  The document containing the two motions stated that although no plaintiff was domiciled in the United States at the time the original complaint was filed in the Alabama court, five of the plaintiffs were "presently" domiciled in Brownsville, Texas.[5]  *Docket No. 15*, Ex. C.  The Alabama court granted

---

[1]   Amparo Noemi Trevino Gloria, Marco Antonio Gonzalez Trevino, Sr., Marco Antonio Gonzalez Trevino, Jr., Alberto Gonzalez Trevino, Jessica Alejandra Gonzalez Trevino, Maria del Carmen Gloria Acuna, Marco Antonio Trevino Gloria, Cesar del Angel Calles, Irene Josephina Trevino Gloria, Cesar Arturo del Angel Trevino, and Rocio Berenisse del Angel Trevino were passengers in the Suburban at the time of the accident.  Marco Antonio Gonzalez Trevino, Jr., Maria del Carmen Gloria Acuna, Cesar del Angel Calles, Irene Josephina Trevino Gloria, and Cesar Arturo del Angel Trevino died as a result of the accident.

[2]   The plaintiffs who were not directly involved in the accident are Jesus Israel Trevino Gloria, Miguel Angel Trevino Gloria, Jose Humberto Trevino Gloria, Maria del Carmen Loera Gloria, and Antolin del Angel Barragan.

[3]   The Court will hereinafter refer to Michelin and Michelin R&D as the "American Michelin entities" and FPM and CGEM as the "French Michelin entities."

[4]   Defendants have represented that Plaintiffs filed the Motions to Dismiss in the Alabama court on the eve of a hearing that was to be held on Defendants' motion to dismiss under the doctrine of foreign non conveniens.  *Docket No. 15*, at 2.

[5]   The five plaintiffs claiming Brownsville residency comprise an immediate family, which will hereinafter be referred to as the "Gonzalez Trevino family."  The heads of the Gonzalez Trevino family are Marco Antonio Gonzalez Trevino, Sr., and Amparo Noemi Trevino Gloria.  Their son and

Plaintiffs' motions on July 30, 2004. *Id.*

On September 10, 2004, Plaintiffs filed this lawsuit in the 357th Judicial District Court of Cameron County, Texas. The petition alleged similar causes of action for products liability and negligence against the same American Michelin entities named in the original Alabama lawsuit. The petition also alleged causes of action for faulty and/or negligent maintenance against two other defendants, Tipotex Chevrolet, Inc. ("Tipotex") and Grease Monkey International, Inc. ("Grease Monkey"). Although most of the plaintiffs are residents of Mexico, the Original Petition reiterated the fact that the Gonzalez Trevino family was residing in Brownsville. *Docket No. 1*, Orig. Pet. at 5. Moreover, the petition stated that one member of the Gonzalez Trevino family—Jessica Alejandra Gonzalez Trevino ("Jessica")—is a citizen of the United States.

On September 17, 2004, Michelin removed the lawsuit to this Court. *Docket No. 1*. Soon thereafter, Michelin filed a Motion to Dismiss Under the Doctrine of Forum Non Conveniens. *Docket No. 6*. Subsequently, Plaintiffs filed a Motion to Remand. *Docket No. 12*.

Because the Motion to Remand went to the heart of this Court's jurisdiction over the lawsuit, the Court addressed it before taking up the Motion to Dismiss Under the Doctrine of Forum Non Conveniens. Plaintiffs' main argument was that this Court lacked diversity jurisdiction over the lawsuit because residents of Texas were on both sides of the lawsuit, i.e., Tipotex and the Gonzalez Trevino family. *Id.* at Ex. 2. Defendants opposed the Motion to Remand arguing that both Tipotex and Grease Monkey were improperly joined parties and, therefore, diversity jurisdiction existed. Both sides conceded that if Tipotex and Grease Monkey were properly joined, then the Court lacked

---

daughter are Alberto and Jessica Alejandra Gonzalez Trevino. Their niece, Rocio Berenisse Del Angel Trevino, also lives with them. Rocio became the legal ward of the Gonzalez Trevinos after her parents, brother, and grandmother died in the accident underlying this lawsuit.

-3-

diversity jurisdiction and the Motion to Remand should be granted. *See* Transcript of Tel. Conf. Jan. 7, 2005; Docket No. 28. Conversely, the parties agreed (with a few minor procedural complaints by Plaintiffs) that if those two parties were improperly joined, then diversity jurisdiction existed and the Motion to Remand should be denied. *Id*. <u>No one argued that this Court lacked subject matter jurisdiction because Jessica is a United States citizen domiciled abroad</u>! Indeed, Plaintiffs vehemently argued that residents of Texas (including Jessica) were on both sides of the lawsuit and, therefore, this case should be remanded to state court. Furthermore, soon after filing the Motion to Remand, Plaintiffs filed a Response to Michelin's Motion to Dismiss Under the Doctrine of Forum Non Conveniens in which they argued that because some of the Plaintiffs are Texas residents, and at least one of them (Jessica) is a United States citizen, this Court should give "extreme deference" to Plaintiffs' choice to file the lawsuit in Texas. *Docket No. 13*.

After the Court held a hearing and additional briefing was submitted by the parties, the Court denied the Motion to Remand finding that it had diversity jurisdiction because both Tipotex and Grease Monkey were improperly joined parties. *Docket No. 28*. In that Order, the Court discussed the fact that in response to discovery in the Alabama lawsuit, Marco Antonio Gonzalez Trevino, Sr. ("Mr. Gonzalez Trevino") had filed a sworn response to an interrogatory denying that any maintenance had ever been done on the car involved in the accident underlying the lawsuit. Yet, in this case, Plaintiffs alleged causes of action against Tipotex and/or Grease Monkey for faulty and/or negligent maintenance. Indeed, attached to Plaintiffs' Motion to Remand was the affidavit of Mr. Gonzalez Trevino stating that both Grease Monkey and Tipotex performed maintenance on the vehicle in question. Because the affidavit contradicted Mr. Gonzalez Trevino's prior sworn statements in Alabama state court, this Court struck the affidavit and found that Plaintiffs could not

maintain a viable cause of action against Tipotex and Grease Monkey.

After denying the Motion to Remand, the Court turned to Defendants' Motion to Dismiss Under the Doctrine of Forum Non Conveniens. The parties were given deadlines to submit additional briefing, and once those submissions were on file, the Court, on September 30, 2005, issued a conditional order granting Defendants' Motion to Dismiss.[6] *Docket No. 57.* The Court emphasizes that Plaintiffs argued that because some of them were residents of Texas, a dismissal under the doctrine of forum non conveniens would be improper. Indeed, they essentially argued that the Texas residency of some of the plaintiffs, including Jessica, would make trial in Texas more convenient.

Despite the fact that some of the plaintiffs resided in Texas, the Court ruled that residency is simply another factor to be taken into account in the forum non conveniens analysis. Because the accident occurred in Mexico, involved primarily Mexican citizens and/or residents, was investigated by Mexican authorities, involved injuries that were treated in Mexico by Mexican residents and citizens, and involved a vehicle and allegedly defective tire that were purchased in Mexico by a Mexican citizen and resident, the Court ruled that the host of public and private interest factors weighed in favor of dismissal. The order became effective on October 4, 2005, when Defendants filed a stipulation assenting to be bound by the conditions set forth in the Court's order. *Docket No.*

---

[6] It should be noted that the Court's opinion paraphrased the deposition testimony of Mr. Gonzalez Trevino to the effect that none of the plaintiffs "were residents of the United States at the time the accident occurred." However, neither this Court nor the defendants are bound by the fact that Plaintiffs have made conflicting arguments depending upon which set of "facts" they thought were most helpful at the time. The Original Petition filed in state court states: "at the time Plaintiff's breach of warranty suit against the subject tire's manufacturer accrued, Plaintiff Jessica Alejandra Gonzalez Trevino, Minor Child and United States citizen, resided in Cameron County, Texas." Orig. Pet. at 9. Thus, an argument could be made that either Plaintiffs made a misrepresentation to that Court and/or they have judicially admitted that at the time the accident occurred, Jessica, at least, was a resident of Texas.

*58.*

On October 25, 2005, Plaintiffs filed a timely Notice of Appeal. *Docket No. 59.* Over a month later, on December 8, 2005, Plaintiffs filed an Expedited Rule 60(b) Motion to Vacate the Forum Non Conveniens Dismissal for Want of Subject Matter Jurisdiction.[7] *Docket No. 62.* Plaintiffs argued for the first time that this Court lacked subject matter jurisdiction when it dismissed this lawsuit because Jessica was a United States citizen domiciled abroad at the time this lawsuit was initiated. Plaintiffs base this argument on the deposition testimony of Mr. Gonzalez Trevino, which stated that the Gonzalez Trevino family moved to Brownsville, Texas, on September 17, 2004, ten days after the lawsuit was filed in the 357th Judicial District Court of Cameron County, Texas. Thus, according to the current motion, Jessica was a resident of Mexico at the time the lawsuit was initiated and her presence as a plaintiff destroys diversity jurisdiction for the entire lawsuit. *Smith v. Carter*, 545 F.2d 909, 911 (5th Cir. 1977) (stating "a United States citizen who is a permanent resident of a foreign country may not invoke federal diversity jurisdiction under 28 U.S.C. § 1332"). In the alternative, Plaintiffs also argue for the first time that this Court lacks subject matter jurisdiction over the entire lawsuit because both of the American Michelin entities are ultimately wholly owned subsidiaries of CGEM, one of the French Michelin entities that the Alabama court dismissed with prejudice from this lawsuit. *Docket No. 15*, Ex. C. Plaintiffs argue that because foreign citizens are on both sides of the lawsuit, diversity jurisdiction does not exist.

The Court held a hearing on Plaintiffs' Rule 60(b) motion on December 19, 2005, in which it gave Defendants until January 13, 2006, to respond. *Docket No. 64.* Plaintiffs were given until

---

[7] Plaintiffs apparently retained new counsel after filing their notice of appeal. It is this new counsel that filed the Rule 60(b)(4) motion arguing that this Court lacks jurisdiction.

January 27, 2006, to file a reply. *Docket No. 65*. Having all of the parties' submissions on file, the Court feels it is now in a position to rule on the Rule 60(b) motion.

**II. DISCUSSION**

    **A. Jurisdiction to Consider the Rule 60(b) Motion**

As a general rule, a district court is divested of jurisdiction once a timely notice of appeal has been filed. Exceptions to the general rule exist "to aid the appeal, correct clerical errors, or enforce [the court's] judgment so long as the judgment has not been stayed or superseded." *Avoyellees Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983).

This case falls into a gray area of procedural law because it involves a Rule 60(b) motion that was filed after Plaintiffs filed a notice of appeal. In *Travelers Insurance Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404 (5th Cir. 1994), the Fifth Circuit stated:

> Our court recognizes…the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal. When the district court is inclined to grant the 60(b) motion, however, then it is necessary to obtain the leave of the court of appeals. Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion.

*Id.* at 1408 n.3. Thus, district courts have jurisdiction to deny Rule 60(b) motions but do not have jurisdiction to grant such motions without leave of the court of appeals. *See also* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2873 (2d ed. 1995 & Supp. 2005). Because this Court will hereinafter deny Plaintiffs' motion, this Court finds it has jurisdiction to consider the merits of the motion without obtaining leave from the Fifth Circuit.

    **B. The Court's Subject Matter Jurisdiction to Dismiss Plaintiffs' Claims Under the Doctrine of Forum Non Conveniens**

"It is well settled…that the subject matter jurisdiction of a federal court can be challenged

at any stage of the litigation (including for the first time on appeal), even by the party who first invoked it." *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999).  As stated before, Plaintiffs argue for the first time that this Court lacked subject matter jurisdiction to grant the forum non conveniens dismissal because at the time the lawsuit was initiated (September 10, 2004), one of the plaintiffs, Jessica, was an American citizen domiciled abroad.  According to Plaintiffs, "[t]he presence of such an expatriate destroys diversity jurisdiction for the entire action. " *Docket No. 62*, at 7–8.

### 1. Citizenship at Initiation of Lawsuit

Plaintiffs' main argument is based on the premise that Jessica was a citizen of the United States domiciled in Matamoros, Mexico, on September 10, 2004, the date the Original Petition was filed in state court.  Even though Plaintiffs have stated on numerous occasions, both before and after the lawsuit was removed to this Court, that Jessica is a United States citizen residing in Texas, they now claim that the deposition testimony of Mr. Gonzalez Trevino and this Court's dismissal order, which references his deposition testimony, conclusively show that she did not move to Brownsville until September 17, 2004.  Indeed, they argue that this Court "expressly found" that Jessica and her family moved to Brownsville after commencing this lawsuit. *Docket No. 62*, at 4.

The fact that the Court paraphrased some of Plaintiffs' own sworn testimony is not controlling in this case, nor is the fact that Defendants have, according to Plaintiffs, "conceded" that the Gonzalez Trevino family moved to Brownsville after the lawsuit was filed.  The Court in its forum non conveniens ruling assumed certain individuals, including Jessica, lived in Texas.  The references to when they moved to Texas were merely incidental to the question under consideration and were not findings.  The Court made it clear by its citation that it was relying upon the deposition testimony of Mr. Gonzalez Trevino, which has been contradicted in numerous places in the record.

Plaintiffs have repeatedly admitted that the Gonzalez Trevino family resides in Brownsville, Texas, both before and after this case was removed to this Court, and have tried to use that fact in their favor.

1. On July 26, 2004, Plaintiffs filed voluntary Motions to Dismiss in the Alabama lawsuit in which they stated that the Gonzalez Trevino family, including Jessica, resided in Brownsville, Texas. *Docket No. 15*, at Ex. C.

2. On September 10, 2004, Plaintiffs filed the Original Petition in this case in the 357th Judicial District Court of Cameron County, Texas, in which they stated that the Gonzalez Trevino family, including Jessica, resided in Brownsville, Texas. *Docket No. 1*, Orig. Pet. at 5.

3. On October 18, 2004, Plaintiffs filed a Motion to Remand. *Docket No. 12*. Attached to that motion was the affidavit of Marco Antonio Gonzalez Trevino, Sr., stating that he and his family, including Jessica, resided in Brownsville, Texas.

4. On October 21, 2004, Plaintiffs filed a response to Michelin's Motion to Dismiss Under the Doctrine of Forum Non Conveniens in which they stated that the Gonzalez Trevino family lived in Brownsville and argued that their residency affected the forum non conveniens analysis in their favor. *Docket No. 13*, at 5. Attached to their response was the same affidavit of Mr. Gonzalez Trevino that was attached to the Motion to Remand, along with the affidavit of his wife, Amparo Noemi Trevino Gloria, in which she also stated that her family, including Jessica, resided in Brownsville, Texas. *Id.* at Exs. 2 & 3.

5. On January 7, 2005, counsel for Plaintiffs stated that some of the plaintiffs moved to Brownsville before the school year started. *See* Transcript of Tel. Conf. Jan. 7, 2005.

6. On April 15, 2005, Plaintiffs filed a Supplemental Response to the forum non conveniens motion reiterating their position that the Texas residency of the Gonzalez Trevino family weighed in favor of denying Defendants' motion. *Docket No. 40*.

7. On April 20, 2005, Plaintiffs filed their First Amended Complaint in which they stated that the Gonzalez Trevino family, including Jessica, resided in Brownsville, Texas. *Docket No. 41*.

8. On April 28, 2005, Plaintiffs filed under seal an affidavit from a school administrator attesting to the fact that the three minor children of the Gonzalez Trevino family, including Jessica, were attending the Faith Christian Academy in Brownsville, Texas as of August 2, 2004. *Docket No. 36*.

The record shows that Plaintiffs represented to the Alabama court that over two months before this lawsuit was initiated in Texas, the Gonzalez Trevino family, including Jessica, resided in Brownsville. They then filed an Original Petition in Texas state court reiterating the fact that the Gonzalez Trevino family lived in Brownsville, Texas. Both of these representations were made prior to the date of removal—September 17, 2004. The fact that they are now changing their story appears to be yet another attempt in a series of attempts to forum shop.

This Court notes that Defendants have wholly failed to point to the statements made in the Alabama motions to dismiss and the Original Petition as evidence that Jessica resided in Brownsville prior to removal. Indeed, their notice of removal states that all of the Plaintiffs are citizens and residents of Mexico and their subsequent pleadings evince that assumption. This is more likely a result of this case's extensive history and the fact that Plaintiffs seem to have changed their stories several times rather than a concession on the part of Defendants. Nonetheless, this Court has carefully reviewed the record and the facts as revealed by the pleadings. "[T]he right of removal depends upon the case disclosed by the pleadings when the petition for removal is filed, subject to the right of the defendant in its petition to show that parties joined by the plaintiff are not necessary parties." *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961); *see also Barney v. Latham*, 103 U.S. 205, 215–16 (1880). Therefore, based on the Plaintiffs admissions as disclosed by the Original Petition and other pleadings, this Court finds that Jessica was a United States citizen residing in Brownsville, Texas, at the time this lawsuit was filed in the 357th Judicial District Court of Cameron County, Texas.

### 2. Citizenship of the Michelin Entities

Plaintiffs Rule 60(b)(4) motion also argues that the American Michelin entities are ultimately

wholly owned subsidiaries of CGEM and, as such, diversity jurisdiction is lacking because citizens of foreign countries are on both sides of the lawsuit. Attached to the motion is the sole evidence Plaintiffs offer in making this argument, which is Michelin's annual report and several printouts from websites. Plaintiffs wholly fail to mention that CGEM is one of the French Michelin entities that the Alabama court **dismissed with prejudice** from the original lawsuit.

Plaintiffs' argument boils down to a conclusion that because the parent corporation is a French entity, the American Michelin entities are also French entities. Such a conclusion, however, could only succeed if Plaintiffs could successfully pierce the corporate veil, which would be fruitless in this case because CGEM has already been dismissed from this lawsuit with prejudice. Pursuant to Federal Rule of Civil Procedure 41, the Alabama court's judgment dismissing CGEM from this lawsuit is res judicata and Plaintiffs are now prohibited from pursuing any claims against it. Likewise, this Court will not permit Plaintiffs to argue that the American Michelin entities are alter egos of CGEM, a company that Plaintiffs are not only barred from raising any claims against, but a company that they implicitly conceded "played no role in the design, development, manufacture, marketing, or distribution of the subject tire." *Docket No. 15*, at Ex. C.

A unanimous Supreme Court of the United States held earlier this term that the existence of an unnamed (in the petition) company that was affiliated with the defendant that was actually named does not destroy diversity jurisdiction. *Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 613 (2005). In that case, the plaintiffs waited until after receiving an adverse ruling (just like the plaintiffs in the instant case) then suggested that diversity did not exist because the defendant was really not a foreign corporation, but was in reality a partner with a non-diverse, unnamed defendant. The Supreme Court, like this Court, relied upon the allegations in the pleadings as to the relevant

-11-

domiciles. It wrote, "But Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates." *Id.* at 616. That being the rule, this Court is certain that neither Congress nor the Supreme Court would direct that a court consider for diversity purposes an unnamed affiliate that already has a judgment in its favor in the very lawsuit at issue.

Even if CGEM had not already been dismissed with prejudice from this lawsuit, the evidence offered in support of this argument is lackluster. In *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327 (5th Cir. 2004), the Fifth Circuit noted that in order to overcome the presumption of institutional independence of related corporate entities, Plaintiffs would have to present "'clear evidence,' which requires a showing of 'something beyond' the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident." *Id.* at 346 (citing *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999). The Michelin annual report and printouts of Michelin websites attached to Plaintiffs' motion in support of this argument would not overcome the presumption of corporate separateness between CGEM and the American Michelin entities.

### C.     Collateral Attack

Under Rule 60(b), a court may provide relief from a final judgment or order if "the judgment is void" or for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(4) & (6). "Where the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion—the judgment is either void or it is not." *Recreational Props., Inc. v. Sw. Mortgage Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986). Plaintiffs have argued that a forum non

conveniens dismissal is always void if the court lacked subject matter jurisdiction.[8] *Docket No. 62*, at 7. Indeed, they have argued that this Court should grant their motion so that it can avoid reversal from the Fifth Circuit Court of Appeals.

However, this Court ruled that it had jurisdiction over this lawsuit when it denied Plaintiffs' Motion to Remand and it again finds that it has jurisdiction because Jessica was a United States citizen residing in Texas at the time this lawsuit was initiated, as admitted by Plaintiffs on numerous occasions. Again, the Court reiterates that Plaintiffs conceded that this Court would have jurisdiction if Tipotex and Grease Monkey were improperly joined, which this Court found. Plaintiffs even argued that because five of them were residents of Brownsville, including Jessica, this Court should not dismiss this case under the doctrine of forum non conveniens and should thereby retain jurisdiction over this lawsuit. Only now, after this Court's ruling on that issue did not go their way and they have gone through the expense of retaining new counsel, do the Plaintiffs argue that this Court's dismissal order is void because diversity jurisdiction is lacking.

Regardless of whether this Court lacked jurisdiction over the lawsuit due to the disparity between Jessica's citizenship and residency, the Court's dismissal order is not per se void. "It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982). "The court has the authority to pass upon its own jurisdiction and its decree

---

[8] In support of this argument, Plaintiffs cited to *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650 (5th Cir. 2005), in which the Fifth Circuit held that "the district court erred in dismissing the case on forum non conveniens grounds without first determining whether it had subject matter jurisdiction." *Id.* at 652. The opinion never discusses whether the district court's original forum non conveniens dismissal was void for the purposes of a Rule 60(b) motion. Indeed, the facts of *Dominguez-Cota* are not analogous to the case at hand because, unlike the district court in that case, this Court specifically ruled that it had jurisdiction over this lawsuit before proceeding to the motion to dismiss under the doctrine of forum non conveniens.

sustaining jurisdiction against attack, while open to direct review, is res judicata in a collateral attack." *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377 (1940); *see also Bostwick v. Baldwin Drainage District*, 133 F.2d 1, 4 (5th Cir. 1943) (stating that "standing as a complete barrier to appellants' attack upon the judgment as void is the express determination and adjudication by the court that it had jurisdiction"). "[A] Court's determination that it has jurisdiction of the subject matter is binding on that issue, if the jurisdictional question actually was litigated and decided, or if a party had an opportunity to contest subject-matter jurisdiction and failed to do so." 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2862 (2d ed. 1995 & Supp. 2005); *see also Des Moines Navigation & R. Co. v. Iowa Homestead Co.*, 123 U.S. 552, 558 (1887) (holding that in cases in which jurisdiction has never been raised, a court's judgments "may be reversed for that cause on a writ of error or appeal; but until reversed they are conclusive between the parties and their privies").

Although the Fifth Circuit has not directly addressed the issue at hand, other circuits have. In *Lubben v. Selective Serv. Sys. Local Board No. 27*, 453 F.2d 645 (1st Cir. 1972), the First Circuit, in addressing what it construed as a Rule 60(b)(4) motion, stated:

> A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void.

*Id.* at 649. Under the First Circuit's reasoning, the fact that this Court already determined it had jurisdiction may be erroneous, but such a determination does not render the Court's judgment void. *See also Lester v. McFaddon*, 415 F.2d 1101, 1107 (4th Cir. 1969) (stating "[a] judgment based

-14-

upon an erroneous finding of diversity is not void and is immune from collateral attack"); *Pacurar v. Hernly*, 611 F.2d 179, 180–81 (7th Cir. 1979) (stating "absence of jurisdiction could not be the basis for a collateral attack. The judgment would not be a nullity").

Pursuant to the above-quoted language, Plaintiffs could argue that this Court clearly usurped its power when it granted the motion to dismiss because it lacked diversity jurisdiction. Such an argument, however, would be unavailing. Again, the Fifth Circuit has not addressed this particular issue but case law from other circuits is instructive. Specifically, in *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986), the Second Circuit denied a Rule 60(b)(4) motion stating:

> Since a court has power to determine its own jurisdiction and, in fact, is required to exercise that power *sua sponte*, it does not plainly usurp jurisdiction when it merely commits an error in the exercise of that power. Rather, a court will be deemed to have plainly usurped jurisdiction only when there is a "total want of jurisdiction" and no arguable basis on which it could have rested a finding that it had jurisdiction.

*Id.* at 65. Under the line of reasoning illustrated above, this Court had a reasonable basis on which it determined it had diversity jurisdiction.[9] First, Plaintiffs' Original Petition, like many other documents filed by Plaintiffs, stated that at the time the lawsuit was initiated, Jessica was a United States citizen residing in Texas. Second, the parties conceded the fact that if it was determined that Tipotex was an improperly joined party, this Court had jurisdiction over this lawsuit.

Plaintiffs may attack this Court's jurisdiction in its direct appeal now pending before the Fifth Circuit; however, this Court has already determined that it has and had jurisdiction over this lawsuit. Therefore, such a determination is not void. Thus, A Rule 60(b)(4) motion is an improper

---

[9] A district court in Kansas also determined that if diversity jurisdiction did not exist when the district court granted a motion to dismiss under the doctrine of forum non conveniens, such an exercise of jurisdiction was a "mere erroneous interpretation of 28 U.S.C. § 1332, not a clear usurpation of constitutionally granted authority." *Gschwind v. Cessna Aircraft Co.*, 189 F.R.D. 643, 647 (D. Kan. 1999).

collateral attack on this Court's determination that it had jurisdiction over this lawsuit.

## III. CONCLUSION

Plaintiffs are clearly playing games with this Court and they have also played games with the state courts of Alabama and Texas. They have either systematically lied to this Court for over the past year, or are trying to deceive this Court now, or both. Either the representations made between September 2004 and now are inaccurate and deceitful or the ones being made now are. This Court does not feel the need to resolve which of these individuals or lawyers made misrepresentations to this Court. Suffice it to say that no more misdeeds in this matter will be tolerated.[10]

This Court finds that as per the Original Petition, and as per the multiple representations made by Plaintiffs for over a year, Jessica was a citizen of the United States and a resident of Cameron County, Texas, at the time this lawsuit was filed in the 357th Judicial District Court of Cameron County, Texas, on September 10, 2004. This Court also finds that she was a citizen of the United States and resident of Texas on September 17, 2004, the time of removal. These findings are based on several judicial admissions and sworn statements. Where she lived before and in between these two dates is immaterial to this Court. For the plaintiffs to try to take a different position is to admit that they actively tried to mislead this Court and are now, when their original story did not work, attempting to profit by the fact that they lied. This Court had jurisdiction to decide the remand motion and the forum non conveniens motion based on the factual representations

---

[10] The Court also finds it to be a lack of candor to suggest that jurisdiction did not exist due to a "claim" against a foreign corporation that Plaintiffs had already voluntarily dismissed with prejudice. At the very least, counsel in his pleadings should have informed the Court that CGEM had already been dismissed with prejudice in Alabama.

made by Plaintiffs.[11]

Therefore, Plaintiffs' Motion for Leave to File a Response to Defendants' Surreply [Docket No. 68] and Defendants' Motion for Leave to File a Surreply [Docket No. 69] are hereby **GRANTED**. Plaintiffs' Expedited Rule 60(b) Motion to Vacate the Forum Non Conveniens Dismissal for Want of Subject Matter Jurisdiction [Docket No. 62] is hereby **DENIED**. All other pending motions are hereby **DENIED as moot**.

Signed in Brownsville, Texas, this 23rd day of March, 2006.

Andrew S. Hanen
United States District Judge

---

[11] If it turns out that these representations are not true, this Court will have jurisdiction over any sanction motion that may stem from this conduct. *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992); *Elliott v. Tilton*, 64 F.3d 213, 214 n.1 (5th Cir. 1995).